## Dillon *v.* The Carlisle Garment Co.

*Jurisdiction — Foreign corporation — Appearance not entered, when — Attachment — Affidavit defective, when.*

1. A reviewing court is bound by the record, and where, so far as is disclosed by the record, the defendant appeared for the sole purpose of challenging the jurisdiction of the court, an entry of appearance can not be claimed, notwithstanding the statement by counsel that other motions were also filed by the defendant.

2. An affidavit for attachment, which does not negative the exceptions found in the statute, is clearly defective.

(Decided May 4, 1915.)

Error: Court of Appeals for Muskingum county.

*Mr. A. A. George* and *Mr. A. J. Andrews,* for plaintiff in error.

*Mr. C. T. Marshall,* for defendant in error.

Houck, J.    This is a proceeding in error from the common pleas court of Muskingum county, Ohio.

The plaintiff in error, who was plaintiff below, prosecutes error to this court to reverse the judgment of the court below in dismissing his proceedings, and holding the affidavit in attachment insufficient in law.    The affidavit in attachment is as follows:

"In the Court of Common Pleas of Muskingum County, Ohio.

"H. L. Dillon, plaintiff, vs. The Carlisle Garment Company, a corporation, defendant.

"State of Ohio, Muskingum County, ss.

"H. L. Dillon upon his oath says that the defendant, the Carlisle Garment Company, is a foreign corporation, and non-resident of the state of Ohio.

"That he has filed simultaneously herewith, his petition praying for judgment in the sum of $500 for breach of contract, for personal services rendered the defendant company, and for money due and owing to plaintiff; that said sum of money is just; that affiant believes plaintiff ought to recover thereon the sum of $500; that there are no offsets or counter-claims to or against the same.

"H. L. Dillon.

"Subscribed in my presence and sworn to before me this 23d day of April, A. D. 1914.

"Leroy H. Talley,
  *"Clerk of Courts."*

The plaintiff in error maintains that the affidavit is not only sufficient in law, but insists that the defendant has submitted itself to the jurisdiction of the court by appearing therein by counsel, and has thereby waived any defect in the affidavit and submitted itself to the jurisdiction of the court.

A reviewing court in all proceedings in error must rely wholly and entirely upon the record as

presented in each case. We find nowhere in the record any appearance of the defendant save and except to file a motion to set aside service by a pretended publication. The motion contained the following:

"Now comes the defendant and appearing for the purpose of this motion only, and disclaiming any intention to enter its appearance in this cause, moves the court to set aside the pretended service of summons by publication in this cause, and that the same be held for naught for the following reasons:  *  *  *."

The motion simply challenged the jurisdiction of the court over the person of the defendant, and in no way entered its appearance in the action. The defendant had a right to do this, and in so doing it did not enter its appearance in said action, because the motion was filed for the sole and only purpose of questioning the jurisdiction of the court over its person.

This doctrine is well established in the case of *Long* v. *Newhouse et al.,* 57 Ohio St., pages 368 and 369, wherein Judge Minshall says:

"If a party may at the same time invoke the jurisdiction of a court on the merits of an action, and deny its jurisdiction over his person, it would work great injustice. He could, under such practice, if the judgment on the merits, is in his favor, avail himself of it as a bar to another action, but if it should be against him, he could set it aside for want of jurisdiction of his person. Hence it is said, that, 'If a party wishes to insist upon the objection that he is not in court, he must keep out for all purposes except to make that objection.' "

It will be noticed that in the case at bar the defendant availed itself of the first opportunity to question the jurisdiction of the court *over its person,* and thereby in no way entered its appearance in the case.

So far as disclosed by the record, that was the only time the defendant appeared in court in the case at bar, and therefore we do not think it can be justly claimed that the defendant submitted itself to the jurisdiction of the court. If the statements in reference to what occurred in the court below, as to the defendant filing other motions or otherwise appearing in the case, as suggested by counsel for plaintiff in error, appeared in the record, then the conclusion of this court might be otherwise; but, as we have already said, this court is bound by the record, and cannot go outside of it in passing upon the question involved in this action. We are bound by the record and must adhere thereto.

Is the affidavit defective? We think it is. We are of the opinion that the claim of counsel for plaintiff in error, that there are two grounds set forth in the affidavit for attachment, is not well taken, for the reason that the plain language of the affidavit discloses there is but one ground, to-wit, a foreign corporation.

Counsel for plaintiff in error seem to rely upon the case of *Rosenham Co.* v. *Cohen & Mack,* 13 C. C., N. S., 102, 32 C. C., 637, but we do not see how that case is applicable, because it relates to cases in attachment before justices of the peace and certainly has no bearing on the case at bar.

We are of opinion that the affidavit for attachment in the present case is clearly defective, and is not sufficient in law, because it does not negative the exceptions provided in the statute [Section 11819, General Code], and we need but cite the case of *The Leavitt & Milroy Co.* v. *Rosenberg Bros. & Co.,* 83 Ohio St., page 230, in support of this position.

We find no error in the record prejudicial to the rights of plaintiff in error, and therefore the judgment of the common pleas court should be and the same hereby is affirmed.

*Judgment affirmed.*

SHIELDS and POWELL, JJ., concur.